

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00338-CR
## No. 10-16-00339-CR

**SHAWN WESTLEY NOORDAM,**

                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                    **Appellee**

### From the 52nd District Court
### Coryell County, Texas
### Trial Court Nos. 15-23010 & 15-23028

## ABATEMENT ORDER

The reporter's record in these appeals was originally filed on January 19, 2017. In a letter dated May 12, 2017, the Clerk of this Court notified the court reporter, Jeannye L. Skinner, that Volume 4 of the reporter's record in both of these appeals was incorrect in that the volume provided to the Court pertained to the appeal in 10-16-00226-CR, *Edwards v. State*. The reporter was asked to provide the correct Volume 4 for these appeals,

preferably within 7 days from the date of the letter. The reporter was further asked to contact the Court if the correct Volume 4 could not be provided within the timeframe specified. More than 7 days have passed and we have neither received the correct Volume 4 nor have we been contacted by the reporter.

It is the joint responsibility of this Court and the trial court to ensure that the appellate record is timely filed. TEX. R. APP. P. 28.4(b), 35.3(c). Further, this Court may enter any order necessary to ensure the timely filing of the appellate record. *Id*. 35.3(c). Accordingly, these appeals are ORDERED abated to the trial court to hold a hearing as soon as practicable but not later than 7 days after the date of this Order to determine:

> (1) The reasons why the reporter has not provided the Court with the correct Volume 4; and

> (2) A date certain when the reporter can file the correct Volume 4 that does not further delay the prosecution of this appeal.

The trial court must order Jeannye L. Skinner to file the correct Volume 4 by the date determined. Further, the trial court must inform Skinner of the consequences of failing to file the correct Volume 4 by the date determined and ordered. Those consequences include:

> (1) abating the proceeding again to the trial court for a contempt of court hearing;

> (2) imposing a lump sum monetary fine;

> (3) imposing a daily fine for each day the correct Volume 4 is late beyond the date previously determined by the trial court; and

(4)  confinement in jail until the correct Volume 4 is completed.

The trial court shall require the hearing to be transcribed.  To the extent necessary or pertinent to obtaining compliance with the rules regarding preparation of the reporter's record, the trial court must:  (1) prepare findings of fact and conclusions of law addressing the above issues; (2) require the preparation of a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in the matter; and (3) require the preparation of a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the trial court's findings and orders must be provided to the trial court clerk within 7 days from the date of the hearing.

The trial court clerk is ORDERED to prepare and file a supplemental clerk's record containing the written findings and orders of the trial court in this Court within 14 days from the date of the hearing.

Further, a reporter different than the trial court's official reporter is ORDERED to prepare and file with the Clerk of this Court a record of the hearing held within 14 days from the date of the hearing.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
        (Justice Davis concurring with a note)*
Appeals abated
Order issued and filed May 31, 2017

    \*  ″Justice Davis concurs with this Abatement Order and the requested assistance from the trial court.″

